UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KILEY CLINTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-01604-JRO-TAB |
| JOHN LEE,<br>CAROL RANDOLPH,<br>QUALITY CORRECTIONAL CARE, | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT AND DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Kiley Clinton, *pro se*, filed a complaint in this 42 U.S.C. § 1983 civil rights action on July 30, 2026, alleging that the defendants violated his rights by declining to send him to the hospital after he fell. Dkt. 1. Because Clinton is a "prisoner," who is currently incarcerated at Wayne County Jail ("the Jail"), this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

Clinton's motion to correct error, dkt. [9], is **granted.** The Court will use the name "Carol Cummings" to name the defendant originally identified as "Carol Randolph." The **clerk is directed** to update the docket to reflect that "Carol Cummings" is the correct name.

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Clinton's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Clinton names three defendants: (1) Dr. John Lee, (2) Nurse Carol Cummings, and (3) Quality Correctional Care ("QCC"). Dkt. 3. He seeks monetary damages. *Id.* at 4.

On December 2, 2025, Clinton fell backwards while handcuffed and shackled. *Id.* at 2. He felt like his neck had whiplash. *Id.* Clinton was taken to see Nurse Cummings, who checked his medical history, blood pressure, and reflexes. *Id.* Clinton explained that his neck muscles were weak due to a previous cancer and that he wanted to be checked for a concussion. *Id.* Nurse Cummings refused to send Clinton to the hospital and explained to him that the doctor

would be in shortly. *Id.* She then sent him to the receiving area, where he received Tylenol. *Id.* at 2–3.

Nurse Cummings called Dr. Lee and told him about Clinton's fall, and Dr. Lee prescribed Tylenol. *Id.* at 3. Dr. Lee did not show up to the Jail in person for another two weeks even though Nurse Cummings said that he would. Both Dr. Lee and Nurse Cummings knew that head injuries can be very serious, but they did not do anything to immediately help Clinton beyond what Clinton alleges. *Id.*

## III. DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, the Court **dismisses** claims against QCC. Private corporations acting under color of state law—including those such as QCC that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, Clinton must allege that QCC's actions caused the deprivation of federal rights. *Dean*, 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Here, Clinton has not alleged that QCC had a policy or practice that violated his rights. Because QCC

cannot be liable under a theory of vicarious liability, *see Iqbal*, 556 U.S. at 676, the Court dismisses any claims against QCC.

Second, the Court **dismisses** any claims against Nurse Cummings and Dr. Lee for failure to state a claim. It is unclear whether Clinton was a pre-trial detainee or an inmate convicted of a felony during the events in this lawsuit. Therefore, the Court discusses both constitutional standards for adequate medical care.

The Fourteenth Amendment's objective reasonableness standard applies to pre-trial detainees' inadequate medical care claims. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Pittman by and through Hamilton v. Madison Cnty., Ill.*, 108 F.4th 561, 570 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 1154 (2025). Under this standard, Clinton must allege that the defendants "did not take reasonable available measures to abate the risk of serious harm to [the plaintiff], even though *reasonable officers under the circumstances would have understood the high degree of risk involved*, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis in original).

The Eighth Amendment's prohibition on cruel and unusual punishment applies to a convicted felon's inadequate medical care claims. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an

objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

Under both standards, Clinton has to show that the defendants' conduct caused injury or damages. *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019). When a plaintiff alleges that a defendant delayed medical care, he must show that the delay itself caused harm. *Miranda*, 900 F.3d at 347.

Here, the complaint does not allege facts showing that Nurse Cummings and Dr. Lee's decision not to send Clinton to the hospital harmed him or made his head injury worse. Furthermore, the facts in the complaint do not show that either defendant deliberately disregarded Clinton's injury. Nurse Cummings assessed Clinton's reflexes and medical history after the fall and communicated her findings to Dr. Lee. Dr. Lee then decided to treat the injury with over-the-counter pain medication instead of sending Clinton to the hospital. Without more information about the severity of the fall or Clinton's symptoms, the Court cannot infer that these actions plausibly demonstrate objective unreasonableness or deliberate indifference. Mere disagreement with a medical provider's professional judgment does not establish that the provider's medical treatment was objectively unreasonable. *See Williams v. Patton*, 761 F. App'x 593, 597 (7th Cir. 2019) (unpublished) (citing *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (holding that a detainee's disagreement with a course of treatment "does not mean the course of treatment was objectively unreasonable").

Because the Court has been unable to identify a viable claim for relief against any defendant, the complaint is dismissed for failure to state a claim.

## IV. OPPORTUNITY TO FILE AN AMENDED COMPLAINT

In the interest of justice, the Court will allow Clinton to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Clinton shall have **through October 2, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, **1:26-cv-01604-JRO-TAB**, and the words "Amended Complaint" on the first page. The

amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Clinton wishes to pursue in this action.

If Clinton files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**V. CONCLUSION**

Clinton's motion to correct error, dkt. [9], is **granted.** The **clerk is directed** to update the docket to reflect that "Carol Cummings" is the correct name. The Court **dismisses** Clinton's complaint for failure to state a claim for the reasons discussed above. Clinton shall have until **October 2, 2026** to file an amended complaint.

**SO ORDERED.**

Date: 9/2/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

KILEY CLINTON
257
Wayne County Jail
200 East Main St.
Richmond, IN 47374