UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KILEY CLINTON,<br><br>Plaintiff,<br><br>v.<br><br>JOHN LEE,<br>CAROL CUMMINGS,<br>QUALITY CORRECTIONAL CARE,<br><br>Defendants. | ) | No. 1:26-cv-01604-JRO-TAB |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Kiley Clinton, *pro se*, filed a complaint in this 42 U.S.C. § 1983 civil rights action on July 30, 2026, while he was incarcerated at Wayne County Jail ("the Jail"), alleging that the defendants violated his rights by declining to send him to the hospital after he fell. Dkt. 1. The Court's screening order dismissed Clinton's complaint for failure to state a claim and directed him to file an amended complaint. Dkt. 10. Clinton has filed an amended complaint, which the Court now screens pursuant to 28 U.S.C. § 1915A(a), (c).

Clinton's motion for court assistance, dkt. [14], is **GRANTED** to the extent that the Court issues this screening order and has updated Clinton's address to Franklin County Jail.

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

Clinton makes the following factual allegations against Defendants Dr. John Lee, Nurse Carol Cummings, and Quality Correctional Care ("QCC"), which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

On December 2, 2025, Clinton slipped and fell on ice while leaving a pre-trial hearing. Dkt. 13 at 2. Clinton injured his head, back, and neck and was unable to get up without assistance. *Id.* When he returned to the Jail, he was taken to see Nurse Cummings. *Id.* Nurse Cummings assessed Clinton's neck and back but refused to assess his head even after he told her that he had prior head injuries from cancer and his head hurt the most. *Id.* Clinton asked to go to the hospital, but Nurse Cummings refused and told him that the physician would

be in to see him later that day. *Id.* Clinton was given medication for his neck and back and put in an observation cell until the physician could see him. *Id.* at 2–3. However, the physician did not return to the Jail until 14 days later.

Clinton received an x-ray of his neck and back on December 3, 2025. *Id.* at 3. During his appointment with Dr. Lee on December 16, Clinton told him about his head injury and complained about black-outs, blurred vision, and constant migraines after the fall. *Id.* Clinton asked to go to the hospital, but Dr. Lee declined and told him that he had no idea why he was having issues with his head. *Id.*

Clinton continued to have migraines, black outs, and blurred vision for three and a half months. *Id.* He did not receive any care despite sending grievances and telling Dr. Lee about his symptoms face-to-face. *Id.*

Clinton alleges that QCC has a policy that only allows inmates to be sent to the hospital with the physician's consent. *Id.* at 3–4. A transport officer wanted to send Clinton to the hospital, but could not, because of QCC's policy. *Id.* at 4. As a result, Clinton suffered from prolonged symptoms from his head injury. *Id.*

Clinton seeks monetary compensation for his injuries. *Id.* at 5.

## III. DISCUSSION OF CLAIMS

Clinton's amended complaint invokes the Fourteenth Amendment's due process clause because he alleges that he was a pre-trial detainee when the events in the lawsuit occurred. *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Courts use an objective analysis when evaluating whether the alleged conduct violated the

Fourteenth Amendment. *Kingsley* 576 U.S. at 397. In deprivation of medical care cases, courts ask: (1) whether the defendant intentionally committed the act that caused the injury, and (2) whether the defendant's conduct was objectively reasonable from the perspective of a "reasonable officer in the defendant's shoes." *Pittman by and through Hamilton v. Madison Cnty., Illinois*, 108 F.4th 561, 570 (7th Cir. 2024).

Here, Clinton has adequately stated Fourteenth Amendment deprivation of medical care claims against Dr. Lee based on allegations that he failed to treat Clinton's head injury despite Clinton's complaints about migraines, blackouts, and blurry vision after he fell on ice.

Clinton has also adequately alleged that Nurse Cummings violated his Fourteenth Amendment rights by failing to assess his head injury on December 2. Although nurses "can, and indeed must, defer to a treating physician's instructions," *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 485 (7th Cir. 2022), they still maintain "an independent duty to ensure that inmates receive constitutionally adequate care," *Perez v. Fenoglio*, 792 F.3d 768, 779 (7th Cir. 2015). Here, Clinton alleges that Nurse Cummings failed to assess his head injury, which implies that she failed to seek the treating physician's instructions about how to appropriately treat Clinton right after his fall. Nurse Cumming's conduct might reflect reasonable deference to a treating physician based on the allegation that she informed Clinton that a physician would be in to see him later that day. But Clinton's allegation that no physician saw him for another 14 days belies Nurse Cumming's purported deference. Clinton plausibly alleges, at this

stage of the proceeding, a Fourteenth Amendment claim against Nurse Cummings.

Last, the amended complaint adequately states a *Monell* claim against QCC based on allegations that its policy of requiring physician approval to send inmates to the hospital resulted in Clinton not receiving adequate medical care for his head injury after he fell. *See Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)) (explaining that private corporations acting under color of state law, such as QCC, are treated as municipalities for purposes of § 1983 and can be sued when their actions violate the Constitution).

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed.

## IV. CONCLUSION AND SERVICE OF PROCESS

Clinton's motion for court assistance, dkt. [14], is **GRANTED** to the extent that the Court issues this screening order and has updated Clinton's address to Franklin County Jail.

The following claims are proceeding in this action: Fourteenth Amendment deprivation of medical care claims against Dr. John Lee and Nurse Carol Cummings, and a Fourteenth Amendment deprivation of medical care claim against QCC pursuant to *Monell*. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on October 5, 2026, dkt. [13], applicable forms

(Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 11/12/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

KILEY CLINTON
Franklin County Jail
371 Main St.
Brookville, IN 47012

Dr. John Lee
QUALITY CORRECTIONAL CARE
12900 N. Meridian St., Suite 140
Carmel, IN 46032

Nurse Carol Cummings
QUALITY CORRECTIONAL CARE
12900 N. Meridian St., Suite 140
Carmel, IN 46032

Quality Correctional Care
12900 N. Meridian St., Suite 140
Carmel, IN 46032

Courtesy copy to:

Douglass Bitner
Stoll Keenon Ogden PLLC
334 N Senate Avenue
Indianapolis, IN 46204